UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD WILLIAM FAIRBANKS         :
ARCHITECT, P.C.                  :
                                 :
                                 :
v.                               :    CIV. NO. 3:14CV1079 (JAM)
                                 :
FAIRFIELD COUNTY                 :
CONTRACTORS LLC, ET AL           :
                                 :

RULING ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND
FOR PAYMENT OF EXPENSES AND SANCTIONS [DOC. #65]

     Pending before the Court is the motion of plaintiff Donald

William Fairbanks Architect, P.C. ("plaintiff") to compel

discovery responses from defendants Fairfield County

Contractors, LLC, and Ewelina and Krzysztof Wyszynski

(collectively the "defendants"). [Doc. #65]. Plaintiff also

seeks payment of its reasonable expenses in bringing this motion

and other sanctions. Defendants oppose plaintiff's motion. [Doc.

#68]. Plaintiff filed a reply on December 16, 2014. [Doc. #75].

For the reasons articulated below, the Court GRANTS IN PART AND

DENIES IN PART plaintiff's motion to compel discovery and

payment of expenses and sanctions. [Doc. #65].

**A. Background**

     Unless otherwise noted, the Court derives the following

factual background from the Amended Complaint. [Doc. #9].

Plaintiff brings this action to recover damages from defendants'

alleged infringement of plaintiff's copyright to architectural

work and technical drawing(s) for the design of 4 Old Hill Farm

Road in Westport, Connecticut (the "Old Hill Architectural

Design"). Fairfield County Contractors, LLC is a Connecticut

1

limited liability company, of which Mr. Wyszynski is a member. Mr. and Mrs. Wyszynski are husband and wife. At the commencement of this action, Mr. and Mrs. Wyszynski resided at the property located at 11 Silver Brook Road, Westport, Connecticut ("11 Silver Brook"), which was built by Fairfield County Contractors. The property has since been sold to a third party. Plaintiff alleges that the defendants' design of 11 Silver Brook infringes the copyright to plaintiff's Old Hill Architectural Design.

At the commencement of this action, plaintiff moved for a prejudgment remedy on the basis of its copyright infringement claims. [Doc. #11]. This Court held hearings on August 11 and 13 and September 2 and 10, 2014. The testimony at these hearings largely focused on defendants' claimed deductible expenses.[1]

**B. Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of

---

[1] If plaintiff proves infringement, it is entitled to recover any profits defendants realized from the infringement. 17 U.S.C. 504(b). Plaintiff only must prove defendants' gross profit. The burden then shifts to defendants to prove their deductible expenses. Id.

discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009); see also Vidal v. Metro-North Commuter R. Co., Civil No. 3:12CV248(MPS)(HBF) 2013 WL 1310504, at *1 (D. Conn. March 28, 2013) (citation and internal quotation marks omitted) ("A party resisting discovery has the burden of showing specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each [discovery request] is not relevant or how each question is overly broad, burdensome or oppressive,… submitting affidavits or offering evidence revealing the nature of the burden.").

C. **Discovery Responses**

    1. Waiver of LLC's Objections

Plaintiff first argues that the Court should deem Fairfield County Contractor LLC's (the "LLC") objections to plaintiff's interrogatories and requests for production waived because it served responses one day late. The Court DENIES this argument as moot in light of plaintiff's withdrawal of this argument. See Doc. #75. Therefore, the Court will not deem the LLC's responses untimely.

    2. Interrogatories Directed to the LLC

Plaintiff served four interrogatories on the LLC. The LLC objected to the first three as follows:

This interrogatory is unduly burdensome and far exceeds
the scope of plaintiff's claim of copyright infringement
and defendant's defense that it did not have access to or
copy plaintiff's plans for 4 Old Hill Farms Road and is
therefore not relevant to those claims or defenses.
Plaintiff is not entitled to access and investigate the
entirety of nearly two years of defendant's business
relationships and records. Without waiving this
objection, research with respect to the acquisition,
construction and sale of 11 Silver Brook Road is
continuing.

[Doc. #64-5].

The first interrogatory requests the LLC to identify each
construction project worked on for the period of October 1, 2012
through August 31, 2014, including the location of the project,
the other contracting party, the nature of the contract, and the
start and end date of the LLC's work. The second interrogatory
requests the LLC to identify the scope and price of the work
performed for each project identified in the first
interrogatory. The third interrogatory requests the LLC to
identify every employee to whom it issued a W-2 beginning
October 1, 2012 through August 31, 2014.

Defendant argues that these interrogatories "seek to expand
the scope of this case," are not relevant, and do not comply
with "the proportionality rule inherent in Fed. R. Civ. P.
26(b)(2)(C)(iii)." [Doc. #68, 5]. The Court disagrees and
overrules the LLC's objections on grounds of relevance and
burden.[2] These interrogatories are limited in time to correspond

---

[2] Moreover, the objections as framed verge on improper boilerplate, which
supports overruling the objections. See In re Priceline.com Inc. Sec. Litig.,
233 F.R.D. 83, 85 (D. Conn. 2005) (citations omitted) ("The party resisting
discovery bears the burden of demonstrating that its objections should be
sustained, and pat, generic, non-specific objections, intoning the same
boilerplate language, are inconsistent with both the letter and the spirit of
the Federal Rules of Civil Procedure […] The objecting party must do more
than simply intone the familiar litany that the [requests] are burdensome,

4

to the construction of 11 Silver Brook. Further, the information sought is relevant to disputing the LLC's claimed deductible expenses. Accordingly, the LLC will answer interrogatories 1-3 within thirty (30) days of this ruling.

Interrogatory 4 requests the LLC to identify "every person who has performed accounting, bookkeeping or tax preparation service for [the LLC] during the period beginning January 1, 2012 and ending September 22, 2014." [Doc. #65-4]. The interrogatory then seeks the address, telephone number and scope of services provided for each person identified. The LLC answered this interrogatory and did not assert any objection. At the parties' meet and confer, defense counsel stated that he did not know what the interrogatory meant by "bookkeeper," to which plaintiff's counsel responded by providing the Merriam-Webster's definition for this term. To the extent that the LLC has engaged someone to perform bookkeeping that is not listed in the interrogatory, the LLC will amend its answer to so indicate. If no such person has been engaged, then the LLC will state this under oath in an amended answer. The LLC will provide this information within thirty (30) days from this ruling.

   3. Requests for Production Directed to the LLC

Plaintiff served six requests for production on the LLC. The LLC objected to the first four as follows:

> This request is unduly burdensome and far exceeds the scope of plaintiff's claim of copyright infringement and

---

oppressive or overly broad. Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").

> defendant's defense it did not have access to or copy
> plaintiff's plans for 4 Old Hill Farms Road and is
> therefore not relevant to those claims or defenses.
> Plaintiff is not entitled to access and investigate nearly
> two years of defendant's business relationships and
> records.

[Doc. #65-6]. Plaintiff's first four requests seek various contracts and invoices that implicate the LLC's involvement in construction projects from October 1, 2012 to August 31, 2014, including those projects/contracts in which the LLC is involved either as a general or subcontractor. The Court overrules the LLC's objections for reasons already stated. Again, these requests are limited in temporal scope and are relevant to disputing the LLC's claimed deductible expenses. Notwithstanding the LLC's objections, defendants represent that they have "commissioned a forensic audit by an independent public accounting firm whose report is close to completion." In light of this representation, the Court will only require the LLC to produce documents responsive to requests 1 and 3. The Court will not require the LLC to produce documents responsive to requests 2 and 4, provided that the forensic accountant's report includes supporting documentation such as the invoices requested. If after a review of the accountant's report plaintiff still requires the documentation sought and the LLC declines to produce it, plaintiff may file another motion to compel as to requests 2 and 4. The LLC will produce documents responsive to requests 1 and 3 within thirty (30) days of this ruling.

Request No. 5 requests the LLC "[t]o produce and permit the plaintiff to inspect and copy every statement for every bank account that was open in the name of Fairfield County

Contractors LLC during the period beginning October 1, 2012 and ending August 21, 2014. Such statements must include all cancelled checks shown as negotiated on those statements and included with, or as part of, those statements." [Doc. #65-6]. The LLC objected that,

> This request is unduly burdensome and far exceeds the scope of plaintiff's claim of copyright infringement or defendant's defense it did not have access to or copy plaintiff's plans for 4 Old Hill Farms Road. Plaintiff is not entitled to unlimited access to or the right to investigate all of defendant's financial activity.

[Id.]. The Court is not inclined to permit unfettered access to the LLC's bank statements and finds this request overbroad as phrased. The Court will not require the LLC to produce documents responsive to Request No. 5, provided that the forensic accountant's report includes supporting documentation such as cancelled checks or redacted bank statements reflecting expenses incurred on the Silver Brook Project and/or other construction projects during the time frame sought. If after a review of the accountant's report plaintiff still requires this information and the LLC declines to produce it, plaintiff may file another motion to compel.

Request No. 6 requests the LLC "[t]o produce and permit the plaintiff to inspect and copy every document filed by Fairfield County Contractors LLC with the United States Internal Revenue Service during 2013 and 2014." [Doc. #65-6]. The LLC objected that, "This request for defendant's tax records is well beyond the parameters of plaintiff's claim of copyright infringement and defendant's defense that it did not have access to or copy plaintiff's plans for 4 Old Hill Farms Road. It is therefore

7

irrelevant. Moreover, defendant's tax records are confidential by law. Plaintiff is not entitled to access and investigate defendant's tax records." [Id.]. Plaintiff generally argues that tax returns are discoverable if relevant to the issues in the lawsuit and the LLC's privacy interests in the tax returns are protected by Judge Meyer's standing protective order.

The Court will not compel the production of the LLC's tax returns on the current record. Generally, tax returns are discoverable if: "(1) it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefore because the information contained therein is not otherwise readily obtainable." Gattengo v. PriceWaterhouseCoopers, Inc., 205 F.R.D. 70, 72 (D. Conn. 2001) (compiling cases). Assuming without deciding that the LLC's tax returns are relevant, plaintiff has not demonstrated a compelling need for the LLC's tax returns. Indeed, plaintiff has not shown that the information sought is not otherwise readily obtainable through other documents or deposition testimony. See Sadofsky v. Fiesta Products, LLC, 252 F.R.D. 143, 153 (E.D.N.Y. 2008) (citation omitted) ("Depositions have also been held to constitute a less intrusive source for obtaining information [sought from tax returns]."); see also Gates v. Wilkinson, No. 03-CV-763 GLS/DRH, 2005 WL 758793, at *2 (N.D.N.Y. April 5, 2005)("[T]he fact that the information sought by plaintiffs may be more easily accessible from tax returns than from depositions or other financial documents does not, without more, constitute a

8

compelling need."). If the information sought is not otherwise available through the LLC's other financial records, plaintiff may file another motion to compel the production of the LLC's tax returns.[3]

4. Interrogatories Directed to Individual Defendants

Plaintiff served five identical interrogatories on each of the individual defendants, all of which relate to the affirmative defense that, "Defendants had no knowledge or awareness of plaintiff's 'Old Hill Project' and could not and did not have access to it." [Doc. #65-11].[4] The individual defendants answered these interrogatories subject to the objections that the interrogatories request defendants to "prove a negative" and are argumentative. The Court will not compel defendants to further answer these interrogatories as the Court finds that it will be more practical for plaintiff to obtain this information through the individual defendants' depositions and/or requests for admission. The Court further notes that plaintiff has already had an opportunity to elicit the information sought at the prejudgment remedy hearings.

_____

[3] Prior to re-filing any portion of this motion to compel, the parties will (1) meet and confer in an effort to resolve the discovery dispute, and (2) contact chambers to schedule a telephone conference.

[4] See, e.g., Interrogatory No. 3 ("State and explain how you could not have and did not have access to the plaintiff's architectural design for 4 Old Hill Farms Road when the plaintiff's floor plans and elevation drawings showing the plaintiff's design, along with photographs of the exterior and interior of the constructed house at 4 Old Hill Farms Road, were available to be viewed by the public and your own agent at The Higgins Group on the website of the listing realtor, The Riverside Realty Group, at the time you were drafting the plans for your house at 11 Silver Brook Road."). The other four interrogatories similarly ask each to defendant to "state and explain" how each did not have access to the architectural design in light of the properties' respective locations, the plans on file with the Westport Building Department, and advertisements in newspapers.

Therefore, plaintiff's motion to compel further answers to its first set of interrogatories is DENIED.

**D. Payment of Expenses/Sanctions**

Finally, plaintiff requests that the Court impose monetary sanctions upon defendants and defendants' counsel pursuant to Federal Rules of Civil Procedure 37(a)(5)(A) and 26(g)(3), and District of Connecticut Local Civil Rule 37(c). The Court declines on the current record, and in light of the rulings above, to order the sanctions requested by plaintiff.

**E. Conclusion**

Therefore, for the reasons stated, plaintiff's motion to compel discovery and payment of expenses and sanctions [Doc. #65] is GRANTED IN PART AND DENIED IN PART. In the future the parties are encouraged to contact chambers for a telephone conference prior to resorting to motion practice.[5]

ENTERED at Bridgeport this 18th day of December 2014.

```
_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```

---

[5] This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.